IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN HARRIS,

      Plaintiff,

v.

POTTER'S HOUSE FAMILY AND
CHILDREN TREATMENT
CENTER,

      Defendant.

1:13-cv-2563-WSD

**OPINION AND ORDER**

Plaintiff Karen Harris ("Plaintiff"), *pro se*, brings this Title VII action against her former employer, Potter's House Family and Treatment Center ("Defendant"). Plaintiff sought leave to proceed *in forma pauperis*, which Magistrate Judge Justin S. Anand granted. This matter now is before the Court for a frivolity determination.

**I.    BACKGROUND**

Plaintiff alleges that Defendant unlawfully terminated her employment because she was disabled. Plaintiff used a form Title VII complaint, executed on August 2, 2013, on which she states that she was employed by Defendant in June

2009,[1] and identifies a Ms. Perez as the human resources officer who allegedly discriminated against Plaintiff.  The entirety of Plaintiff's factual narrative is as follows: "I was told that I was being let go because my broken foot + kidney transplant was too much trouble."

Plaintiff's form complaint indicates that she filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and that on May 2, 2013, Plaintiff received a notice of a right-to-sue.[2]

## II.  DISCUSSION

### A. Legal Standard for Frivolity Review

The Court reviews Plaintiff's filings for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).  A court must dismiss a case filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112

---

[1] Plaintiff does not identify when her employment began or the date on which she was terminated.

[2] The notice is attached to Plaintiff's form complaint.

F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989).

    B.  Analysis

Plaintiff filed this Title VII complaint alleging discrimination based on medical disabilities.  Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "Title VII does not proscribe disability discrimination, nor does it give protected status to disabled persons."

Lewis v. Zilog, Inc., 908 F. Supp. 931, 953 n.11 (N.D. Ga. 1995); accord Clifton v. Georgia Merit System, 478 F. Supp. 2d 1356, 1361 (N.D. Ga. 2007) ("Because disability discrimination is not covered by Title VII, the court dismisses the plaintiff's Title VII claim."); Williamson v. Hartmann Luggage Co., 34 F. Supp. 2d 1056, 1063 (M.D. Tenn. 1998) (holding that "Title VII only covers claims alleging discrimination based on race, color, religion, sex, or national origin, and not disability"); Snay v. United States Postal Serv., 31 F. Supp. 2d 92, 100 (N.D. N.Y. 1998) (holding that "Title VII does not cover disability discrimination").  To the extent Plaintiff's complaint seeks to assert a claim under Title VII, it is required to be dismissed.

It appears to the Court that Plaintiff intended to assert a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., but inadvertently used the incorrect form when filling out her complaint.  The Court liberally construes *pro se* pleadings, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998), and as a result, the Court exercises its discretion to allow Plaintiff to file an amended complaint that seeks to assert a viable cause of action under the ADA, including by alleging the factual detail required to assert a claim for disability discrimination.

Plaintiff is hereby advised that her amended complaint, should she elect to

file one, must be filed on or before October 31, 2013.  The complaint must include: 1) the dates of her employment by Defendant; 2) the nature of her job and her duties; 3) a detailed account of the events leading up to her discharge from Defendant's employ; 4) a detailed description of the disabilities and medical conditions from which Plaintiff alleges that she suffers; and 4) all factual bases for Plaintiff's belief that she was discharged because of those disabilities and medical conditions.  Failure to timely file an amended complaint with at least the information required above will result in the dismissal of this action.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall have up to and including October 31, 2013, to file an amended complaint with the information required by this Order.  Failure to comply will result in the dismissal of this action.

**SO ORDERED** this 26th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE